**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

YVETTE PENN,

        Plaintiff,

v.

REGIONAL ADJUSTMENT BUREAU, INC., d/b/a RAB, INC.,

        Defendant.

**Case No.:**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

YVETTE PENN, ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against REGIONAL ADJUSTMENT BUREAU, INC. d/b/a RAB INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA.")

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Maryland, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Waldorf, Maryland.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company and can be served at 1900 Charles Bryan Road, Suite 110, Memphis, Tennessee, 38015.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10. At all relevant times, Defendant contacted Plaintiff in its attempt to collect a consumer debt owed to Suntrust Bank, Inc.

11. The alleged debt at issue arose out of transactions which were allegedly for personal, family, or household purposes.

12. Between June 2014 and August 2014, Defendant's collector placed continuous and repeated harassing telephone calls to Plaintiff's home and cellular telephone in its attempts to collect the subject debt.

13. Defendant's harassing collection calls originated from numbers including, but not limited to, (800) 829-7750. The undersigned has confirmed that this number belongs to Defendant.

14. Plaintiff told Defendant that she disputed owing the debt, to stop calling and only

2

communicate with her in writing.

15. However, Defendant has continued to call.

16. Once Defendant was told the calls were unwanted and to stop, there was no lawful purpose to making further calls, nor was there any good faith reason to place calls.

17. Frustrated by Defendant's continued contacts, Plaintiff retained counsel on August 19, 2014.

18. On August 19, 2014, Plaintiff's counsel sent correspondence to Defendant advising it to cease contacts with Plaintiff and to only communicate with Plaintiff's counsel. See Exhibit "A".

19. Defendant received this correspondence on August 26, 2014. See Exhibit "B".

20. Despite receipt of this correspondence, Defendant sent written correspondence directly to Plaintiff on September 1, 2014. See Exhibit "C".

21. Defendant's continuous and repeated contacts with Plaintiff were made with the intention of annoying, abusing, harassing, and coercing payment from her.

**COUNT I**
**DEFENDANT VIOLATED § 1692b(6) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22. Section 1692c(a)(1) of the FDCPA prohibits debt collectors from communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall -- (6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to the communication from the debt collector.

23. Defendant violated § 1692b(6) of the FDCPA when it called Plaintiff after it had knowledge Plaintiff was represented by counsel.

**COUNT II**
**DEFENDANT VIOLATED THE § 1692c(c) OF**
**FAIR DEBT COLLECTION PRACTICES ACT**

24. Section 1692c(c) of the FDCPA states that if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except --(1) to advise the consumer that the debt collector's further efforts are being terminated; (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.

25. Defendant violated § 1692c(c) of the FDCPA when it contacted Plaintiff in writing after being told in writing to cease communications.

**COUNT III**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

26. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person, in connection with the collection of a debt.

27. Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously when it engaged in other harassing or abusive conduct.

4

**COUNT IV**
**DEFENDANT VIOLATED § 1692d(5) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

28. Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

29. Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT V**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

30. Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect a debt.

31. Defendant violated § 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it contacted Plaintiff after receiving notice she was represented by counsel and being told to cease communications with Plaintiff, and when it engaged in other unfair conduct.

WHEREFORE, Plaintiff, YVETTE PENN, respectfully prays for a judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

### **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, YVETTE PENN, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 09-10-14            KIMMEL & SILVERMAN, P.C.

By: /s/ Amy L. Bennecoff
    Amy L. Bennecoff, Esq.
    Kimmel & Silverman, P.C.
    30 E. Butler Avenue
    Ambler, PA 19002
    Tel: 215-540-8888
    Fax: 215-540-8817
    abennecoff@creditlaw.com

Attorney for the Plaintiff